[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 11-16145

————————

D. C. Docket No. 1:04-cv-02592-ODE

DENNIS SMITH,
Individually and on behalf of all others
similarly situated,

Plaintiff-Appellant,

versus

DELTA AIR LINES, INC., et al.,

Defendants-Appellees.

————————

Appeal from the United States District Court
for the Northern District of Georgia

————————

(February 21, 2013)

Before DUBINA, Chief Judge, HULL and ALARCÓN,[*] Circuit Judges.

PER CURIAM:

---

[*]Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

This is a "stock drop" class action.  Plaintiff/Appellant, Dennis Smith,

individually and on behalf of all others similarly situated ("Appellant"), appeals

two district court orders that collectively dismissed his complaint brought pursuant

to §§ 409 and 502(a)(2) of the Employee Retirement Income Security Act of 1974,

29 U.S.C. § 1001 *et seq.* ("ERISA"), against Defendants/Appellees Delta Air

Lines, Inc. ("Delta"), Benefit Fund Investment Committee ("Investment

Committee"), eight individual members of the Investment Committee,

Administrative Committee ("Administrative Committee"),  four individual

members of the Administrative Committee, and two former Delta Directors, Leo F.

Mullin and Gerald Grinstein, for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6).  The district court found that Appellant's "imprudent

investment claim" was simply a form of a "failure to diversify claim" prohibited by

29 U.S.C. § 1104(a)(2).[1]

Following dismissal of Appellant's complaint in the present case, this court

decided *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267 (11th Cir. 2012), where we

---

[1] Ordinarily, ERISA fiduciaries have a duty to diversify plan assets to protect participants.  However, fiduciaries, like the Appellees in this case, are exempted from this duty in their role as fiduciaries for an employee stock ownership plan ("ESOP"), which is a type of eligible individual account plan ("EIAP").  *See* 29 U.S.C. § 1104(a)(2) ("In the case of an [EIAP], the diversification requirement . . . and the prudence requirement (only to the extent that it requires diversification) . . . is not violated by acquisition or holding of  . . . qualifying employer securities . . . .").  Appellant acknowledges that the ESOP is an EIAP.  [Appellant's Br. at 20.]

2

held that an "imprudent investment" claim is not prohibited by 29 U.S.C. § 1104(a)(2) and clarified the showing necessary to state such a claim in the context of an EIAP. Because the district judge did not have the benefit of *Lanfear* when she issued the order in this case, we vacate the order of the district court as to Count One of the amended complaint and remand this case with instructions to analyze Count One of the amended complaint in accordance with *Lanfear*. [2]

As to Count One, the district court should determine whether Appellant's complaint sufficiently alleges that the Investment Committee and its eight individual members breached their fiduciary duty to prudently manage the Plan's assets.

We do, however, affirm the district court's judgment of dismissal of Counts One and Three of the complaint as to Appellees Delta, Mullin, Grinstein, and the Administrative Committee and its four individual members because Appellant's complaint failed to adequately plead their fiduciary status in the context of making investment decisions.

We also affirm the district court's judgment of dismissal of Count Two as to Appellees Delta, Mullin, and Grinstein, and Count Four as to all Appellees because Appellant's complaint does not plead factual allegations to sufficiently support a

[2] Our decision to remand this matter as to Count One in no way implies that we believe Appellant can state a claim under *Lanfear*.

3

claim in Count Two for failure to monitor the Investment Committee or to sufficiently support a claim in Count Four for breach of the duty to avoid conflicts of interest.

**AFFIRMED in part, VACATED in part, and REMANDED.**